# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

MARK HAMMETT, Register No. 154743,    )
    )
        Plaintiff,    )
    )
        v.    )    No. 09-4123-CV-C-SOW
    )
J. COFIELD, et al.,    )
    )
        Defendants.    )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Mark Hammett, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]  Named as defendants are J. Cofield, Leon Vickers, Thomas Baker and Beth Clad.

Plaintiff appears to seek monetary, declaratory and injunctive relief.  Plaintiff alleges that defendants have been deliberately indifferent to his serious medical needs in that they have denied him vitamins and natural supplements, such as Vitamins A, D, B12 and K, as well as protein supplements.

On July 14, 2009, plaintiff was granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), on the basis of indigence, subject to modification, pursuant to the screening process required by 28 U.S.C.  §§ 1915 and 1915A.  Sections 1915 and 1915A require the court to screen prisoner cases and dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2); 28 U.S.C. § 1915(e)(2).  Additionally, under section 1915(g), if a prisoner, while incarcerated, has on three or more prior occasions brought an action or appeal that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim on which

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

relief may be granted, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of plaintiff's complaint and attached exhibits shows his claims are based on a mere difference of opinion between him and his treating physicians about what treatment is appropriate. Despite plaintiff's allegations of denial of medical care, the complaint and attached exhibits show plaintiff has received very extensive care. As stated by plaintiff in his complaint, from January 1, 2008, to March 19, 2009, he was seen by a physician/provider more than forty times, and nursing staff more than 123 times. Plaintiff's complaint is based merely on a disagreement as to what medical treatment/medication he thinks he should receive, and therefore, fails to state a claim under 42 U.S.C. § 1983 on which relief may be granted. See Warren v. Fanning, 950 F.2d 1370, 1373 (8th Cir. 1991); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990); Courtney v. Adams, 528 F.2d 1056 (8th Cir. 1976).

In light of this court's recommendation of dismissal, plaintiff's motion seeking a preliminary injunction as to his medical care should be denied.

Based on the foregoing, plaintiff's motion for appointment of counsel is denied, without prejudice.

On July 31 and August 6, 2009, plaintiff filed motions for an extension of time in which to pay the initial filing fee. Plaintiff's initial filing fee has been paid; thus, his motions are moot.

IT IS, THEREFORE, ORDERED that plaintiff's motions for an extension of time to pay the initial filing fee are denied as moot. [8, 9] It is further

ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice. [3] It is further

RECOMMENDED that plaintiff's motion for preliminary injunction be denied. [2] It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the

2

specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 22nd day of October, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge